IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VANESSA K. BRADY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-705-L |
| | § | |
| QUIKTRIP CORPORATION and QT SOUTH, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The Court granted Defendants QuikTrip Corporation and QT South, LLC's Motion to Compel Plaintiff's Discovery [Dkt. No. 12], *see* Dkt. No. 15, and then ordered that the Court will award expenses under Federal Rule of Civil Procedure 37(a)(5)(A) by requiring Plaintiff Vanessa K. Brady and her counsel, to, jointly and severally, pay Defendants QuikTrip Corporation and QT South, LLC their reasonable attorneys' fees and costs incurred in preparing and filing their Motion to Compel Plaintiff's Discovery [Dkt. No. 12], see Dkt. No. 18.

After Brady's counsel failed to confer with Defendants' counsel on the reasonable amount of attorneys' fees and costs to be awarded, Defendants filed their Application for Attorneys' Fees and Costs [Dkt. No. 19] (the "Fees Application").

Brady has not filed a response, and her deadline to do so has passed.

The Court now grants Defendants' Application for Attorneys' Fees and Costs [Dkt. No. 19]. *See* Dkt. No. 24; *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013,

-1-

1016-17 (5th Cir. Unit A June 1981) (per curiam) (a magistrate judge has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37).

## Legal Standard

"Reasonable attorneys' fees are determined through a two-step process." *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415 (5th Cir. 2022) (cleaned up).

"The district court must first calculate the lodestar – the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* (cleaned up). "The parties seeking reimbursement of attorneys' fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended, and "[t]he lodestar is presumed reasonable." *Fessler*, 23 F.4th at 415 (cleaned up).

But, as a second step, "after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in [*Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)]." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).

Because the lodestar is presumed to be reasonable, it should be modified only

in exceptional cases. *See Watkins*, 7 F.3d at 457. And, "once calculated, the party seeking modification of the lodestar under the *Johnson* factors bears the burden." *Fessler*, 23 F.4th at 416.

## Analysis

In their Fees Application, Defendants request "an award of attorneys' fees and costs in the amount of $3,727.10, which represents the amounts incurred in connection with Defendants' initial Motion to Compel (Doc. 12), and in connection with" the Fees Application. Dkt. No. 19 at 2; *accord* Dkt. No. 18 ("The application may also include a request for recovery of the fees incurred in preparing and filing this fee application itself. See Liberty Ins. Underwriters Inc. v. First Mercury Ins. Co., No. 3:17-cv-3029-M, 2019 WL 7900687, at *5 (N.D. Tex. Mar. 11, 2019) (noting that a Rule 37(a)(5) award can include fees on fees for the time expended in filing a motion for attorneys' fees).").

Defendants support their Fees Application with the Affidavit Regarding Attorneys' Fees and Costs of Nicolas M. Lund, one of Defendants' attorneys in this case. *See* Dkt. No. 19-1.

Mr. Lund explains that its "Defendants have incurred significant attorneys' fees and expenses in the pursuit of written discovery from Plaintiff, including for the following: reviewing statutory and procedural deadlines for Plaintiff's Initial Disclosures and written discovery responses; evaluating Plaintiff's lack of timely responses and disclosures; conferencing and attempting to conference with Plaintiff and Plaintiff's counsel regarding Plaintiff's past due disclosures and discovery

responses; evaluating the propriety of a motion to compel Plaintiff's compliance with her discovery obligations, and counseling Defendants regarding the costs and potential outcomes associated with same; preparing and filing Defendants' Motion to Compel, with its accompanying exhibits and order; reviewing multiple Court rulings pertaining to Defendants' Motion to Compel, including referral of that Motion to the Magistrate Judge for determination, outlining of briefing and response proceedings, ruling on the Motion and regarding the recovery of fees and costs; conferencing with Plaintiff and Plaintiff's counsel regarding the Order Granting Defendants' Motion to Compel, and regarding the ongoing failure of Plaintiff to submit discovery responses and disclosures as ordered; preparing and filing Defendants' Supplemental Submission to the Court regarding discovery; reviewing Court Orders pertaining to the Award of attorneys' fees from Plaintiff; and attempting to conference with Plaintiff as instructed by the Court." Dkt. No. 19-1 at 11 of 25.

Mr. Lund reports that, to accomplish all of that, his law firm "was required to perform a total of 16.70 hours of work, totaling $2,801, at the following rates: $230/hr for Kyle Briscoe (Partner}; $200/hr for Nicolas Lund (2nd Partner/Associate-Rate); and $105/hr for Elizabeth Contreras (Paralegal)" and additionally "has spent, and will bill Defendants for, an additional 4.10 hours of attorney time and 1.10 hours of Paralegal time, for the preparation and filing of Defendants' Application for Award of Attorneys' Fees and Costs, with accompanying exhibits, invoicing, affidavit, evidence, and proposed Order, totaling $926.10 at the

same rates." Dkt. No. 19-1 at 11-12 of 25.

Mr. Lund reports that, "[i]n total, the attorneys' fees which our firm has charged and will charge to Defendants in connection with their Motion to Compel Discovery and Application for Award of Attorneys' Fees and Costs are $3,727.10" and that he is "personally familiar with the normal and customary rates and charges in similar disputes in the Dallas-Fort Worth area, and the above fees are both reasonable and appropriate." Dkt. No. 19-1 at 12 of 25.

The billing statement attached to Mr. Lund's affidavit substantiates that Defendants were charged $2,601.00 for these attorneys' and the paralegal's time in connection with the motion to compel, which the Court finds to have been reasonably spent on these tasks and necessary for the successful motion and to obtain the relief that Defendants requested and obtained.

And the Court accepts Mr. Lund's sworn representation that he spent – and will bill to Defendants – an additional 4.1 hours on the Fees Application along with 1.1 additional hours of work by the paralegal, for a total of an additional $926.10 in fees.

And, considering these professionals' experience and the local market rates, the Court finds that their respective requested hourly rates are all reasonable. The rates charged by the attorneys and paralegal are consistent with or below Dallas area market rates for attorneys with similar experience, skill, and ability handling this type of litigation. *See generally Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the

Court is an expert on the reasonableness of attorneys' fees).

Accordingly, based on the Fees Application and supporting documents, the undersigned finds the appropriate lodestar here to be calculated as a total fee of $3,527.10 for a total of 20.9 hours of work consisting of 1) 9.5 house by attorney Nicolas M. Lund at an hourly rate of $200, for a total of $1,900.00; 2) .4 hour by attorney Kyle Briscoe at an hourly rate of $230, for a total of $92.00; 3) 5.8 hours by paralegal Elizabeth Contreras at an hourly rate of $105, for a total of $609.00; and 4) an additional 4.10 hours of attorney time and 1.10 hours of paralegal time, totaling $926.10.

Defendants do not seek an enhancement of the attorneys' fees, and there are no other exceptional circumstances.

The undersigned has considered the *Johnson* factors and finds that none of them weigh in favor of modifying the lodestar.

## Conclusion

For the reasons explained above, the Court grants Defendants QuikTrip Corporation and QT South, LLC's Application for Attorneys' Fees and Costs [Dkt. No. 19] and awards Defendants QuikTrip Corporation and QT South, LLC the total amount of $3,527.10 for attorneys' fees and costs under Federal Rule of Civil Procedure 37(a)(5)(A), to be paid, jointly and severally, by Plaintiff Vanessa K. Brady and her counsel by **Friday, August 29, 2025**.

SO ORDERED.

DATED: May 30, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE